Michael H. Bernstein, #17941
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com

*Attorneys for Defendant*
*Cigna Behavioral Health*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

_____

| | | |
|---|---|---|
| H.A. and M.A., | § | |
| | § | Civil Action No.: |
| | § | 2:22-cv-00476-DBP |
| Plaintiffs, | § | |
| | § | |
| | § | **DEFENDANT CIGNA BEHAVIORAL** |
| -against- | § | **HEALTH'S ANSWER TO** |
| | § | **COMPLAINT** |
| TUFTS HEALTH PLAN and CIGNA | § | |
| BEHAVIORAL HEALTH, | § | |
| | § | Magistrate Judge Dustin B. Pead |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

Defendant Cigna Behavioral Health ("Cigna"), by and through its undersigned counsel,

submits its Answer to Plaintiffs' Complaint ("Complaint") (Doc. No. 2) by responding to the

numbered paragraphs of the Complaint as follows:

1.      Cigna lacks knowledge or information sufficient to form a belief as to the truth

of each and every allegation in paragraph "1" of the Complaint and therefore denies the same.

2.      Denies each and every allegation in paragraph "2" of the Complaint as alleged,

except admits that Tufts Health Plan (the "Plan") is an employee welfare benefit plan governed by

the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), that benefits under the Plan are underwritten by Tufts Insurance Company, and that, at all relevant times, Tufts Benefit Administrators administered health benefits claims for the Plan, including claims related to mental health services.

3.     Denies each and every allegation in paragraph "3" of Complaint as alleged, except admits that, at all relevant times, Cigna, in its capacity as a licensed utilization review agent, performed Utilization Management review of certain health care services for the Plan, as that term is defined in the Plan, including some of the claims at issue in this proceeding.

4.     Denies each and every allegation in paragraph "4" of Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that the Plan is an employee welfare benefit plan governed by ERISA, that, at all relevant times, Plaintiff H.A. was a Plan participant and Plaintiff M.A. was a beneficiary of the Plan, and that benefits under the Plan are underwritten by Tufts Insurance Company.

5.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "5" of the Complaint and therefore denies the same, except admits that Plaintiffs seek benefits under the Plan for M.A.'s treatment at Fulshear Ranch Academy ("Fulshear") in the State of Texas.

6.     Denies each and every allegation in paragraph "6," of the Complaint as alleged, except admits that Cigna, in its capacity as a licensed utilization review agent performing Utilization Management review for the Plan, determined that M.A.'s treatment at Fulshear as of August 5, 2020 was not medically necessary.

2

7.     Denies each and every allegation in paragraph "7" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that this Court has subject matter jurisdiction.

8.     Denies each and every allegation in paragraph "8" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

9.     Denies each and every allegation in paragraph "9" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

10.    Denies each and every allegation in paragraph "10" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

11.    Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "11" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

12.    Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "12"

of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

13.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "13" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

14.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "14" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

15.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the

4

time of its Utilization Management review and otherwise denies the allegations in paragraph "15" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

16.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "16" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

17.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "17" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

18.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its

performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "18" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

19.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "19" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

20.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim. Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "20" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

21.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record

6

pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "21" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

22.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "22" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

23.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of Plaintiffs' claim.  Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "23" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

24.     Cigna's knowledge of M.A.'s medical and treatment history is limited to the records that Cigna had access to during the course of its Utilization Management review of

24854007-v1

Plaintiffs' claim. Cigna respectfully refers the Court to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the information accessible to Cigna at the time of its Utilization Management review and otherwise denies the allegations in paragraph "24" of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

25.     Denies each and every allegation in paragraph "25" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that Plaintiff M.A. was admitted to Fulshear on or about July 22, 2020.

26.     Denies each and every allegation in paragraph "26" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that, by letter dated August 5, 2020, Cigna issued an initial adverse benefit determination with respect to the medical necessity of M.A.'s residential treatment at Fulshear as of August 5, 2020, and further admits that Plaintiffs accurately quote from a portion of the August 5, 2020 letter.

27.     Denies each and every allegation in paragraph "27" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization

8

Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that records reflect that, on or about January 27, 2021, Plaintiffs submitted an appeal of Cigna's initial adverse benefit determination with respect to the medical necessity of M.A.'s treatment at Fulshear.

28.     Denies each and every allegation in paragraph "28" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

29.     Denies each and every allegation in paragraph "29" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

30.     Denies each and every allegation in paragraph "30" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

31.     Denies each and every allegation in paragraph "31" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

32.     Denies each and every allegation in paragraph "32" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept

24854007-v1

and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

33.     Denies each and every allegation in paragraph "33" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

34.     Denies each and every allegation in paragraph "34" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

35.     Denies each and every allegation in paragraph "35" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

36.     Denies each and every allegation in paragraph "36" of the Complaint and footnote "1" as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that Plaintiffs accurately quote from a portion of the January 27, 2021 appeal letter.

37.     Denies each and every allegation in paragraph "37" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept

and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

38.     Denies each and every allegation in paragraph "38" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that Plaintiffs accurately quote from a portion of Lynn Porter M.D.'s January 23, 2021 letter.

39.     Denies each and every allegation in paragraph "39" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that enclosed with Plaintiffs' January 27, 2021 appeal letter was a copy of M.A.'s medical records from Fulshear for dates of service from July 22, 2020 to January 11, 2021.

40.     Denies each and every allegation in paragraph "40" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

41.     Denies each and every allegation in paragraph "41" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

24854007-v1

42.     Denies each and every allegation in paragraph "42" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

43.     Denies each and every allegation in paragraph "43" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

44.     Denies each and every allegation in paragraph "44" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

45.     Denies each and every allegation in paragraph "45" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

46.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "46" of the Complaint and therefore denies the same.

47.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "47" of the Complaint and footnote "2" and therefore denies the same.

48.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "48" of the Complaint and therefore denies the same.

49.     Cigna lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "49" of the Complaint and therefore denies the same, except admits that Plaintiffs submitted an appeal of Cigna's initial adverse benefit determination with respect to the medical necessity of M.A.'s treatment at Fulshear.

50.     Denies each and every allegation in paragraph "50" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that, by letter dated July 29, 2021, Cigna upheld its initial adverse benefit determination with respect to the medical necessity of M.A.'s treatment at Fulshear from August 5, 2020 to October 20, 2020, and further admits that Plaintiffs accurately quote from a portion of the July 29, 2021 letter.

51.     Denies each and every allegation in paragraph "51" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

52.     Denies each and every allegation in paragraph "52" of the Complaint and footnote "3" as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein, except admits that, by letter dated August 5, 2021, Cigna upheld its initial adverse benefit determination with respect to the medical necessity of M.A.'s treatment at Fulshear from

13

October 20, 2020 to January 6, 2022, and further admits that Plaintiffs accurately quote from a portion of the August 5, 2021 letter.

53.     Denies each and every allegation in paragraph "53" of the Complaint as alleged and respectfully refers to that portion of the administrative record pertaining to Plaintiffs' claim kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review for the contents thereof as to the facts and circumstances recorded therein.

54.     Denies each and every allegation in paragraph "54" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

55.     Denies each and every allegation in paragraph "55" of the Complaint and respectfully refers all questions of law to the Honorable Court.

56.     Denies each and every allegation in paragraph "56" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION<br>(CLAIM FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. §1132(a)(1)(B))

57.     Denies each and every allegation in paragraph "57" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

58.     Denies each and every allegation in paragraph "58" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

59.     Denies each and every allegation in paragraph "59" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

60.     Denies each and every allegation in paragraph "60" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

61.     Denies each and every allegation in paragraph "61" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

62.     Denies each and every allegation in paragraph "62" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

63.     Denies each and every allegation in paragraph "63" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

64.     Denies each and every allegation in paragraph "64" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

65.     Denies each and every allegation in paragraph "65" of the Complaint and respectfully refers all questions of law to the Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION (CLAIM FOR VIOLATION OF MHPAEA UNDER  29 U.S.C. §1132(a)(3))

66.     Denies each and every allegation in paragraph "66" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

67.     Denies each and every allegation in paragraph "67" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

68.     Denies each and every allegation in paragraph "68" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

69.     Denies each and every allegation in paragraph "69" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

70.     Denies each and every allegation in paragraph "70" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

71.     Denies each and every allegation in paragraph "71" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

72.     Denies each and every allegation in paragraph "72" of the Complaint and respectfully refers all questions of law to the Honorable Court.

73.     Denies each and every allegation in paragraph "73" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

74.     Denies each and every allegation in paragraph "74" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

75.     Denies each and every allegation in paragraph "75" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

76.     Denies each and every allegation in paragraph "76" of the Complaint and respectfully refers all questions of law to the Honorable Court.

77.     Denies each and every allegation in paragraph "77" of the Complaint and respectfully refers all questions of law to the Honorable Court.

78.     Denies each and every allegation in paragraph "78" of the Complaint and respectfully refers all questions of law to the Honorable Court.

79.     Denies each and every allegation in paragraph "79" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

80.     Denies each and every allegation in paragraph "80" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

81.     Denies each and every allegation in paragraph "81" of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

82.     Denies each and every allegation in paragraph "82" of the Complaint as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

83.     Denies each and every allegation in paragraph "83" of the Complaint as alleged as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

84.     Denies each and every allegation in paragraph "84" of the Complaint as alleged as it pertains to Cigna and respectfully refers all questions of law to the Honorable Court.

85.     Denies each and every allegation in paragraph "85" of the Complaint, including sub-paragraphs (a) to (h) thereof, as it pertains to Cigna, and respectfully refers all questions of law to the Honorable Court.

86.     Denies each and every allegation in paragraph "86" of the Complaint and respectfully refers all questions of law to the Honorable Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action and each allegation and purported causes of action asserted therein fail to state facts sufficient to constitute a cognizable claim for relief against Cigna.

### SECOND AFFIRMATIVE DEFENSE

The claims for which Plaintiffs seek recovery are not medically necessary.

### THIRD AFFIRMATIVE DEFENSE

Cigna acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted in its capacity as a licensed utilization review agent performing Utilization Management review for the Plan. Accordingly, Plaintiffs are barred from recovery for their claims against Cigna in this action.

### FOURTH AFFIRMATIVE DEFENSE

All actions about which Plaintiffs complain against Cigna were either required or permitted by the applicable law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead facts to support their claim against Cigna for recovery of Plan benefits pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

24854007-v1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead facts to support their claim against Cigna for violation of the Mental Health Parity and Addiction Equity Act.

## SEVENTH AFFIRMATIVE DEFENSE

Cigna, in its capacity as a licensed utilization review agent performing Utilization Management review for the Plan, has been granted discretionary authority to determine the medical necessity of claims for benefits under the Plan, and Cigna is deemed to have properly exercised this authority unless it abused its discretion by acting arbitrarily and capriciously. Cigna's Utilization Management review with respect to Plaintiffs' claim was not arbitrary or capricious and, therefore, the Court cannot disturb Cigna's medical necessity determination concerning M.A.'s treatment at Fulshear.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery against Cigna, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

## NINTH AFFIRMATIVE DEFENSE

The claims and remedies sought by the Plaintiffs are limited solely to those provided under ERISA, and all remedies and claims made by the Plaintiffs not provided for under ERISA are preempted.

## TENTH AFFIRMATIVE DEFENSE

The Court's review of Plaintiffs' claims against Cigna is limited to the correspondence, notes and documents contained in that portion of the administrative record kept and maintained by Cigna in the regular course and scope of its performance of the Utilization Management review of Plaintiffs' claim.

## **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable Cigna to determine it they may have additional defenses in this action.  Therefore, Cigna reserves the right to assert such additional defenses if they later become apparent.

WHEREFORE, Defendant Cigna Behavioral Health prays:

1. That the action be dismissed, or that judgment be entered in favor of Cigna and against Plaintiffs;

2. That Cigna be awarded costs of suit incurred herein;

3. That Cigna be awarded reasonable attorneys' fees; and

4. That Cigna be awarded such other and further relief as the Court may deem just and proper.

DATED this 24th day of October, 2022.

/s/Michael H. Bernstein
Michael H. Bernstein, #17941
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com

*Attorneys for Defendant*
*Cigna Behavioral Health*

24854007-v1